**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| SUSAN FINGER,<br><br>Plaintiff,<br><br>v.<br><br>RESOLUTE FOREST PRODUCTS INC., DUNCAN K. DAVIES, BRADLEY P. MARTIN, RANDALL C. BENSON, SUZANNE BLANCHET, JENNIFER C. DOLAN, REMI G. LALONDE, ALAIN RHÉAUME, and MICHAEL S. ROUSSEAU,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Susan Finger ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

## NATURE OF THE ACTION

1.  Plaintiff brings this action against Resolute Forest Products Inc. ("Resolute" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Domtar Corporation ("Domtar"), an affiliate of Karta Halten B.V. ("Karta Halten") and Paper Excellence B.V. ("Paper Excellence").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed

2. On July 5, 2022, the Company entered into an Agreement and Plan of Merger with Domtar, Terra Acquisition Sub Inc. ("Merger Sub"), Karta Halten and Paper Excellence (the "Merger Agreement"). The Merger Agreement provides that Resolute stockholders will receive $20.50 in cash and one contingent value right ("CVR") for each share of Company common stock[2].

3. The Company's corporate directors subsequently authorized the September 20 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the

---

Transaction."

[2] The terms of the CVR reflect that Company stockholders will receive any refunds received on approximately $500 million of deposits on estimated softwood lumber duties paid by the Company through June 30, 2022, including any interest received on such deposits, net of certain expenses and of applicable tax and withholding.

[3] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 31, 2022.

event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of RESOLUTE common stock.

10. Defendant Resolute is a Delaware corporation, with its principal executive offices located at 1010 De La Gauchetière Street West, Suite 400, Montreal, Quebec H3B 2N2, Canada. Resolute's shares trade on the New York Stock Exchange under the ticker symbol "RFP." Resolute, together with its subsidiaries, operates in the forest products industry in the United States, Canada, Mexico, and internationally. The Company operates through four segments: Market Pulp, Tissue, Wood Products, and Paper.

11. Defendant Duncan K. Davies is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Bradley P. Martin is and has been Vice Chair of the Board and a director of the Company at all times relevant hereto.

13. Defendant Randall C. Benson is and has been a director of the Company at all times relevant hereto.

14. Defendant Suzanne Blanchet is and has been a director of the Company at all times relevant hereto.

15. Defendant Jennifer C. Dolan is and has been a director of the Company at all times relevant hereto.

16. Defendant Remi G. Lalonde has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

17. Defendant Alain Rhéaume is and has been a director of the Company at all times relevant hereto.

18. Defendant Michael S. Rousseau is and has been a director of the Company at all times relevant hereto.

19. Defendant Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On July 6, 2022, Resolute announced in relevant part:

MONTREAL, July 6, 2022 /CNW Telbec/ - The Paper Excellence Group (the "Group"), through its wholly-owned subsidiary Domtar Corporation ("Domtar"), a global diversified manufacturer of pulp and specialty, printing,

writing, and packaging papers, and Resolute Forest Products Inc. ("Resolute") (NYSE: RFP) (TSX: RFP), a global forest products company, have entered into an agreement under which Domtar will acquire all of the outstanding common shares of Resolute stock.

With this addition to its family of companies, the Paper Excellence Group will further build out its portfolio in North America following the successful acquisition of Domtar last year.

Patrick Loulou, vice chair and chief strategy officer of the Paper Excellence Group, commented, "We are excited to welcome Resolute and its employees to the Paper Excellence family. Resolute is an ideal fit for our long-term growth strategy. It complements our existing pulp, paper and packaging businesses and adds capabilities in lumber and tissue. We have seen firsthand that Resolute prides itself on its great people, strong assets and a culture of excellence going back more than two hundred years."

Resolute will become a wholly-owned subsidiary of Domtar, under the auspices of the Group, and continue to operate on a business-as-usual basis under the Resolute name. The Resolute management team will remain in place at the company's headquarters. Considering the quality workforce available with Resolute and Domtar, Montreal will become an important hub for the Group's North American businesses. Furthermore, the Group plans to retain Resolute's production locations and levels of jobs.

**Growing Together**

"With this transaction, Resolute will accelerate its growth as it gains access to more tools, capital and opportunities to pursue our ambitions with the combined resources of the Paper Excellence Group," stated Remi G. Lalonde, Resolute's president and chief executive officer. "This is good for employees and the communities where Resolute operates because we will continue to grow in a manner consistent with our core values of accountability, caring and trust that we hold dear. Together, we will form a stronger and more resilient, diversified forest products company, positioned to compete on a truly global scale, with a shared commitment to being a trusted business partner, dedicated to sustainability and to caring for its people and communities."

As part of its commitment to building a premier North American diversified forest products company and creating long-term growth, the Group intends to support Resolute management's existing growth strategy, focused on strategic investments in its lumber and pulp businesses, and maximizing the value of its paper and tissue businesses. It also plans to undertake a detailed feasibility study for the eventual conversion of Resolute's Gatineau, Quebec, newsprint mill to the production of packaging paper.

"This is a good example of how the Paper Excellence Group's diversified business, financial resources, and technical capabilities can open up new strategic avenues for assets that may otherwise face an uncertain future. This is but one example of our support and intention to implement significant investments aligned with Resolute's strategic plan for the future," concluded Mr. Loulou.

Furthermore, the Group intends to form long-term partnerships with one or more universities in Quebec and Ontario to spearhead innovation in the field of fiber-based biomaterials.

**Transaction Details**

The cash portion of the merger consideration represents a premium of approximately 64% to Resolute's closing share price on NYSE on July 5, 2022. The cash consideration represents an enterprise value of approximately $2.7 billion, including pension liabilities and excluding the Contingent Value Right (CVR) on softwood lumber duty deposit refunds.

"This agreement offers our stockholders the opportunity to realize a significant premium for their shares in cash, plus additional value with contingent value rights tied to the prospective recovery of accumulated deposits on estimated softwood lumber duties through the second quarter," added Mr. Lalonde.

The transaction will be carried out by way of a merger of Resolute with a newly created subsidiary of Domtar, providing for conversion of each share of Resolute common stock into the right to receive $20.50 per share, together with a CVR entitling the holder to a share of future softwood lumber duty deposit refunds. Each share, on a fully diluted basis at closing, will be entitled to receive one CVR.

"The addition of Resolute enables us to continue executing our long-term business plan to drive growth to the benefit of all stakeholders," said John D. Williams, president and chief executive officer of Domtar. "After the close of the transaction, the Paper Excellence Group will own or operate a collection of diverse, strategic assets across North America that allows us to deliver a wider range of high-quality products to our customers. This transaction continues to demonstrate the strong belief in the potential of our business model and we look forward to continuing to operate successfully and efficiently into the future."

Under the CVR, stockholders will receive any refunds on approximately $500 million of deposits on estimated softwood lumber duties paid by Resolute through June 30, 2022, including any interest thereon, net of certain expenses and of applicable tax and withholding. Any proceeds attributable to the CVR

will be distributed proportionally to CVR holders, and the value will ultimately be determined by the terms and timing of the resolution of the softwood lumber dispute between Canada and the United States.  The terms and timing of such resolution is uncertain.  The CVRs will not be tradeable and will be subject to prohibitions on transfer.

Resolute stockholders will have the opportunity to vote on the transaction at a stockholders' meeting to be held in early fall.  The merger will require the approval of a majority of the outstanding shares of Resolute.

Fairfax Financial Holdings Limited, a significant stockholder of Resolute, has entered into a voting and support agreement to vote its shares in favor of the transaction.  As of July 5, 2022, Fairfax Financial Holdings held approximately 30,548,190 shares, or 40% of the outstanding shares as of that date.

A full description of the transaction will be outlined in the proxy statement of Resolute, to be filed with the U.S. Securities and Exchange Commission ("SEC") at www.sec.gov/edgar/browse ("EDGAR"), and with the Canadian securities regulators on the System for Electronic Document Analysis and Retrieval ("SEDAR") at www.sedar.com and mailed to stockholders of Resolute.

In addition to stockholder approval, the transaction is subject to applicable regulatory approvals and the satisfaction of certain other customary closing conditions.

**Approvals and Recommendation**

The board of directors of Resolute unanimously determined that the terms of the transaction are fair to, and in the best interests of, Resolute and its stockholders and resolved to recommend that Resolute stockholders vote for the transaction.

The transaction is expected to close as soon as possible following stockholder and regulatory approvals, and satisfaction of other customary closing conditions, which is currently expected in the first half of 2023.

**Advisors**

Barclays is serving as exclusive financial advisor to Paper Excellence, and Latham & Watkins LLP, McMillan LLP, and McCarthy Tétrault LLP, are serving as legal advisors.  Barclays, CoBank, and Bank of Montreal are providing acquisition financing to Domtar in connection with the transaction.

> CIBC Capital Markets is serving as exclusive financial advisor to Resolute, and Paul, Weiss, Rifkind, Wharton & Garrison LLP, and Stikeman Elliott LLP are serving as legal advisors.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 20, 2022. The Proxy Statement, which recommends that RESOLUTE stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company, as well as the financial analyses underlying the fairness opinion provided by CIBC World Markets Corp. ("CIBC"), financial advisor to the Board; and (b) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts for Resolute and the CIBC's Financial Analysis*

22. The Proxy Statement fails to disclose material information concerning the financial forecasts for Resolute, including the line items underlying the projection of EBITDA after cash deposits for duties and Unlevered Free Cash Flow.

23. The Proxy Statement next fails to disclose the Company's projected free cash flows from Q4 2022 through fiscal year end 2027 utilized by CIBC in its *Discounted Cash Flow to Equity Analysis*.[4] The Proxy Statement further fails to disclose the definition of free cash flows and all line items underlying these forecasts.

24. The Proxy Statement also fails to disclose material information concerning CIBC's financial analysis.

---

[4] *See id.* at 45.

25. With respect to the *Discounted Cash Flow Analysis* performed by CIBC, the Proxy Statement fails to disclose: (a) the Company's terminal year unlevered net income; (b) the Company's terminal values; (c) net debt and other balance sheet items; and (d) diluted share information.

26. With respect to *the Publicly Traded Comparable Companies Analysis* performed by CIBC, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies analyzed by CIBC; (b) the Company's financial debt; (c) the deficit of the Company's pension fund (net of tax assets), and minority interest; and (d) the Company's cash and cash equivalents and adjusted.

27. With respect to the *Precedent Transaction Analysis* performed by CIBC, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected transactions analyzed by CIBC; (b) the Company's financial debt; (c) the deficit of the Company's pension fund (net of tax assets), and minority interest; and (c) the Company's cash and cash equivalents and adjusted.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders, including whether any members of Company management have secured positions with the combined company. The Proxy Statement further fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Paper Excellence and Resolute's executive officers, including who participated in all such communications, when they occurred and their content. Moreover, the Proxy Statement fails to disclose whether any of Paper Excellence's

9

proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

29. The omission of the above-referenced information renders statements in the "Forward-Looking Financial Information," "Opinion of CIBC World Markets Corp.," "Background of the Merger," and "Interests of Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## **CLAIMS FOR RELIEF**

## **COUNT I**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Resolute**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Resolute is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Resolute within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Resolute and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange

Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 11, 2022 **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*

14